IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DRELIJAH J. MUHAMMAD-ALI, ) | |
| AIS # 180664, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:21-00245-TFM-N |
| ) | |
| U.S. Congress *et al.*, ) | |
|     Respondents. ) | |

**REPORT AND RECOMMENDATIONS**

Petitioner Drelijah J. Muhammad-Ali, also known as Marcus O. Taite (hereinafter referred to as "Petitioner") initiated this action by filing a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241." (Doc. 1). The District Judge assigned to this case referred the petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (7/16/2021 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the assigned judge "must promptly examine" the petition and, "[i]f it

---

[1] The Rules Governing Section 2254 Cases may also be applied to § 2241 petitions. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon preliminary review, the undersigned finds that it plainly appears the Court lacks jurisdiction to hear Petitioner's claims because the subject petition is an unauthorized second or successive challenge to his state conviction. Accordingly, the undersigned **RECOMMENDS** that Petitioner's habeas petition (Doc. 1) be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

## I.   *Background*

Petitioner filed the instant habeas petition on February 17, 2021, in the Northern District of Georgia. Finding that Petitioner was sentenced and is presently confined in the Southern District of Alabama, the Northern District of Georgia transferred the case to this district. (Doc. 3). Petitioner is in state custody pursuant to a burglary conviction. *See* Doc.1. Petitioner claims that the state court lacked jurisdiction over him because he did not commit any crimes within the United States. Specifically, Petitioner avows that "I strawman Marcus O. Taite, Drelijah J. Muhammad [] never committed no crime on U.S. soil or[] 50th states soil . . . because the allodial title Spanish land grant mandates belongs to my ancient forefathers Royal Majesty Crown Bench of Saudi Arabia . . . ." (Doc. 1, PageID.6). Petitioner seeks to "be forever removed from U.S. of 7/4/1776 back to my ancestry natives soil allodial title Spanish land grant of 400 B.C. North America Republic" and for the Court to "set [him] free[] from False Imprisonment." (Doc. 1, PageID.6–7). Further, Petitioner

2

requests that the Court transfer him to "Saudi Arabia Empire Kingdom Royal Consul Majesty Crown Courts 28 U.S.C. § 1631 in the interest of justice to 28 U.S.C. § 636(b)(1) ADR Settlement Resolution." (Doc. 1, PageID.7).

## II. *Legal Standard*

This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) and its attendant restrictions because Petitioner filed his petition after April 24, 1996. "[A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). The label a state prisoner places on a habeas petition challenging his state conviction carries little weight:

> [A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on § 2254 petitions or § 2255 motions by nominally bringing suit under § 2241. In other words, the cases in this circuit consistently recognize that prisoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255, however their petition is captioned, but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not.

*Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) (citations and footnote omitted).

AEDPA limits a district court's ability to hear second or successive habeas petitions. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Courts ("Before

3

presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition . . . ."). Absent authorization from a court of appeals, "the district court lacks jurisdiction to consider a second or successive habeas petition." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020). "A document filed *pro se* is to be liberally construed . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted); *see also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) ("We hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers."). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168–69 (quotation omitted).

## III. *Analysis*

A. Second or Successive Petition

While Petitioner nominally proceeds in this action under § 2241, the substance of the petition makes clear that he challenges the validity of his state conviction, bringing § 2254 into effect. The cryptic, stilted language in the subject habeas petition is difficult to follow, but Petitioner's fanciful demands make clear that his ultimate target is his underlying state conviction. Petitioner demands a transfer—in both time and place—to a pre-United States version of North America as well as a shift in custody to Saudi Arabia for some sort of alternative dispute resolution process,

4

purporting to rely on various international treaties. (*See* Doc. 1). However, Petitioner's conclusion clarifies the thrust of these requests: by transferring beyond the authority of the United States and the State of Alabama, he purports to have committed no crimes within any relevant jurisdiction and should be freed from his current "false imprisonment." (*See* Doc. 1, PageID.7). These absurd requests make clear that Petitioner is not challenging the "execution" of his sentence—rather, Petitioner claims the state conviction for burglary prompting his current incarceration is legally deficient. Accordingly, Petitioner's nominal § 2241 petition is subject to § 2254 and § 2244's restrictions on second or successive habeas petitions. *See Antonelli*, 542 F.3d at 1351.

Petitioner's current habeas corpus motion is far from his first federal attack on his state court conviction for burglary, and as such, this Court lacks jurisdiction to entertain it. Another Magistrate Judge in this District addressing one of Petitioner's recent collateral attacks on his state conviction aptly summarized his habeas-specific litigation history:

> On April 25, 2013, Taite filed his first federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 (a pleading entitled "Corpus Ward Nation State International Writ Of Habeas Corpus") challenging his burglary conviction and sentence in the Middle District of Alabama (Civil Action No. 2:13cv291-WHA), and that court transferred the case to this Court. (Doc. 25-25 at pp. 7-8). This Court had previously dismissed without prejudice a habeas petition that sought a pardon of his conviction in *Taite v. Davenport*, No. CA 10-0329-KD-C, 2010 WL 3489963, at *4 (S.D. Ala. July 30, 2010), *report and recommendation adopted*, No. CIV.A. 10-00329-KD-C, 2010 WL 3489960 (S.D. Ala. Aug. 31, 2010). The Middle District of Alabama has done the same in *Taite v. Wayne*, No. 2:10-CV-341-TMH, 2010 WL 3774775, at *1 (M.D. Ala. July 26, 2010), *report and recommendation adopted*, No. 2:10CV341-TMH, 2010 WL 3774774 (M.D. Ala. Sept. 20, 2010). On June 28, 2016, in *Taite*

*v. Stewart*, Civil Action No. 13-00322-CG-N, United States Magistrate Judge Katherine P. Nelson recommended that the 2013 petition be dismissed as untimely because it was filed approximately twelve years outside of the one-year limitation period provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 (d)(1). (Doc. 25-25 at p. 13). Judge Nelson found no grounds for equitable tolling or a showing of actual innocence to permit review of the untimely petition. (*Id.* at pp. 16-29.) After a de novo review of the recommendation, Senior United States District Judge Callie V.S. Granade adopted the report and recommendation and dismissed Taite's petition on August 4, 2016. (Doc. 25-26). Taite attempted to appeal to the Eleventh Circuit Court of Appeals on September 19, 2016, but the Court of Appeals dismissed the appeal as untimely in *Taite v. Alabama President Pro Tempore*, No. 16-16366-E, 2017 WL 4533742 (11th Cir. Jan. 5, 2017).

On August 19, 2020, Taite filed a federal habeas petition in the Middle District of Alabama again challenging the same burglary conviction and sentence as in the instant case. *Taite v. The Royal Court of Justice Coat of Arms of Alabama*, Civ. A. No. 2:20-CV-608-ECM-JTA, 2020 WL 7483939 (M.D. Ala. Oct. 19, 2020). The district court adopted its magistrate judge's recommendation that the petition be dismissed for lack of jurisdiction due to his failure to obtain permission from the Eleventh Circuit to file a successive petition in light of this Court's disposition of his first untimely habeas petition. *Id.* at *3, *report and recommendation adopted sub nom. Muhammad-Ali v. Royal Ct. of Just. Coat of Arms of Alabama*, No. 2:20-CV-608-ECM, 2020 WL 7480607 (M.D. Ala. Dec. 18, 2020).

*Taite v. Warden Jimmy Thomas*, No. 1:20-cv-565-TFM-MU (S.D. Ala. July 28, 2021).

Like his current habeas petition, Petitioner's 2013 habeas petition challenged the validity of his state burglary conviction and sentence. The court approved the undersigned's recommendation of dismissal in that case. *See Taite v. Davenport*, No. CA 10-0329-KD-C, 2010 WL 3489963, at *4 (S.D. Ala. July 30, 2010), *report and recommendation adopted*, No. CIV.A. 10-00329-KD-C, 2010 WL 3489960 (S.D. Ala. Aug. 31, 2010). Further, Petitioner failed to include any indication that the Eleventh Circuit Court of Appeals authorized his current second or successive habeas petition.

6

This Court lacks jurisdiction to entertain a second or successive habeas petition challenging the same state conviction as an earlier, unsuccessful federal habeas petition without authorization from the Eleventh Circuit Court of Appeals. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020). Accordingly, the undersigned **RECOMMENDS** Petitioner's habeas petition (Doc. 1) be **DISMISSED without prejudice** for lack of subject matter jurisdiction as a second or successive petition.

B. Certificate of Appealability

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A prisoner seeking a COA must

prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon consideration, the undersigned finds that Petitioner should be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas petition, as reasonable jurists would at least not find it debatable whether the Court was correct in its dismissal of his petition for lack of jurisdiction.[2]

C. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding. . . . [T]o determine that an appeal is

---

[2] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. Should this Court deny a certificate of appealability, Petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

8

in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 631–32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, it is clear that Petitioner's habeas petition is an unauthorized second or successive petition. Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by Petitioner in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[3]

---

[3] Should the Court accept the undersigned's recommendation that Petitioner be denied leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

9

### IV. *Conclusion & Recommendations*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that Petitioner's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Doc. 1) be **DISMISSED without prejudice** for lack of subject matter jurisdiction, that the Court find that Petitioner is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*, and that final judgment be entered accordingly in favor of the Respondent. Further, the undersigned **RECOMMENDS** Petitioner's "Motion to Leave of this Court to Re-Dress U.S. Congress" (Doc. 13) be **DENIED** as moot.

**DONE** this the 18th day of August 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.